WEIMER, Justice,
concurs and assigns additional reasons.
LAs the author of this opinion, a brief explanation of my concurrence in the case of Greater New Orleans Expressway Com’n v. Olivier, 04-2147 (La.1/19/05), 892 So.2d 570, bears mention. In Olivier, I stated that “I would not establish a rule which prohibits a judge from invoking a defense of unconstitutionality in all cases, but would limit our holding that these judges lack standing in this case.” Olivier, 04-2147 at 1, 892 So.2d at 580. My concurrence in Olivier was based on my concern that a judge should be allowed to raise as a defense to a lawsuit, alleging that a judge has not enforced a law, that the particular law is unconstitutional. Such might be the case if this court had declared a statute unconstitutional, but the statute had not been formally withdrawn by the legislature, and someone sought to compel a judge to enforce the statute. My concurrence in Olivier was based on my belief that a judge in that instance should be able to raise the defense of unconstitutionality. Nevertheless, a judge’s oath to uphold the Louisiana Constitution prohibits a judge from declaring a statute unconstitutional without a litigant with standing properly raising the issue. The record here simply does not present the issue separately identified in my concurrence in Olivier; instead, it is the majority’s opinion in | ^Olivier; with which I concurred and which is cited in this opinion, that applies to the present case.